1
2
3
4
5
6
7

**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
STEVEN T. ROMEYN, CSBN: 304535
steven@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile:  (562) 435-1656

Attorneys for Plaintiffs:
DINNERMAN, FEINBERG, PACIFIC INFORMATION
TECHNOLOGIES, and PACIFIC BUSINESS KK, and
TECHNOLOGY DESIGN SYSTEMS, LTD.

8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Civil Docket No.:

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSHUA DAVID DINNERMAN,
individually and on behalf of all others
similarly situated; PAUL FEINBERG,
individually and on behalf of all others
similarly situated; PACIFIC
INFORMATION TECHNOLOGIES, an
Arizona corporation; PACIFIC
BUSINESS KK, a Tokyo Japan
corporation; and TECHNOLOGY
DESIGN SYSTEMS, LTD., a Hong Kong
corporation,

Plaintiffs,

vs

DATTO, INC., a Connecticut corporation,
as such has a regional office in Irvine,
CA; and OPEN MESH, INC., an Oregon
corporation,

Defendants.

**CLASS ACTION COMPLAINT**

(1)   Breach of the Magnuson-Moss Warranty Act [15 U.S.C. 2301 et seq.]

(2)   False Advertising – California Business and Professions Code §17200 et seq.;

(3)   Violations  of Unfair Business Practice Act – California Business and Professions Code §17200 et seq.;

(4)   Violation of Consumer Legal Remedies Act;

(5)   Breach of Contract;

(6)   Breach of Implied Covenant of Good Faith and Fair Dealing

(7)   Breach of Implied Warranty of Merchantability;

(8)   Intentional Misrepresentation; and

(9)   Negligence;

**[Plaintiffs Demand a Trial by Jury]**

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint (Complaint) against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is based on 28 USC § 1332, diversity of citizenship, and 28 USC § 1603 (a) and (b).

2.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(d)(2)(B)(4) and 28 USC § 1603 (a) and (b). The aggregate value of the claims of all members of the proposed class and subclass(es) are in excess of ten million dollars , exclusive of interest and costs. Many members of the proposed class are citizens of a state and/or country different from Defendant.

3.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where DEFENDANTS and each of them, distributed, marketed, advertised, and sold the trading devices which are the subject of the present complaint. Venue is also appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred in or emanated from this District.

4.      DEFENDANT DATTO is authorized to do business and does conduct business in California and has specifically marketed, advertised, and made substantial sales in California.

5.      DEFENDANT OPEN MESH has sufficient minimum contacts with this state and avails itself of the laws of the District and state of California by marketing its products, advertising them, and selling them within this District. The exercise of jurisdiction does not

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1   "offend the traditional notions of fair play and substantial justice" *(International Shoe Co. v.*

2   *Washington (1945) 326 U.S. 310).*

6.      DEFENDANT DATTO has a place of business in the District from an office at 400 Spectrum Center Dr., Ste. 2100, Irvine, CA 92618.

## SUMMARY OF THE ACTION

7.      Users of Defendants' devices were promised a "lifetime cloud license", "automatic firmware updates" and other features.  Plaintiffs allege that the Defendants promoted false advertising upon purchasing OPEN MESH devices and in fact did not provide the features that were promised unless consumers agreed to pay a monthly maintenance fee for a cloud license to continue receiving the promised benefits and features. Without the cloud license the devices are rendered useless. Plaintiffs and Class members lost economic gain and suffered financial loss due to Defendants' false advertising and deception.  Plaintiffs and Class members seek special, compensatory, punitive damages, and an injunction.

## PARTIES

8.      Plaintiff Paul Feinberg ("FEINBERG") was and is a citizen of the United States, and a permanent residence in Japan.

9.      Joshua David Dinnerman ("DINNERMAN") was and is a citizen of the United States.

10.      Pacific Information Technologies, Inc is an Arizona corporation with its principal place of business at 916 E. Baseline Rd., #106, Mesa, Arizona.

11.      Pacific Business KK is a Tokyo Japan corporation with its principal place of business at Mukai Building, 5th Floor, 1-13-14 Sekiguchi, Bunkyo-ku, Tokyo 112-0014.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

12.     Technology Design Systems, Ltd., is a Hong Kong, China corporation with its principal place of business at Unit 06B, Viking Technology and Business Center, 93 Ta Chuen Ping St., Kwai Chung NT, Hong Kong.

13.     Class members are all those members of the American public and many foreign countries who are similarly situated as the named Plaintiffs.

14.     Defendant Datto, Inc., ("DATTO") is a Connecticut corporation with its principal place of business at 101 Merrit 7, Ste. 7, Norwalk, Connecticut 06851-1052, as is qualified to do business and is doing business in California, and has substantial contacts in California.

15.     Defendant Open Mesh, Inc, ("OPEN MESH") is an Oregon corporation with its principal place of business at 5 Centerpoint Dr., Ste. 400, Lake Oswego, Oregon 97035-8661. Upon information and belief, it is a wholly-owned Subsidiary of Defendant Datto, Inc.

## FACTUAL ALLEGATIONS

16.     Defendants, and each of them, produce cloud-managed network devices. Their customers use these devices not only for internet activity and Wi-Fi, but also as a scalable foundation for a variety of other Internet of Things (IoT) cloud managed devices and systems, to wit; cameras, sensors, point of purchase systems, etc.

17.     OPEN MESH provided a cloud-managed platform called CLOUDTRAX for networks and network devices which connected to this platform. DATTO, upon their purchase of OPEN MESH took over this platform under DATTO. The platform provides secure internet connectivity and device control, management and monitoring to consumers and businesses.

18.     OPEN MESH programmed, advertised, sold, and distributed access points, switches, and routers with lifetime cloud licenses and automatic firmware/software updates.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

19.     OPEN MESH advertised a "lifetime cloud license" along with other features. A true and correct copy of the warranty advertised on the box is attached and labeled as **Exhibit "A"**.

20.     DATTO and OPEN MESH devices use CLOUDTRAX, a cloud-based network controller. Without CLOUDTRAX and the "lifetime cloud license", the devices cannot and do not operate properly absent payment of a monthly maintenance fee hereinafter referenced.

21.     In or about late 2016 DATTO acquired OPEN MESH. Once DATTO acquired OPEN MESH, it adopted a new pricing model which required all users to have to pay a monthly fee to maintain CLOUDTRAX and continue receiving the benefits of the "lifetime cloud license". This model leaves former users with the option to pay the monthly fee or completely/partially replace their hardware and switch to another provider. This model contradicts the basis on when the devices were purchased, which was that there would be no monthly fee.

22.     On or about November 3rd, 2016 FEINBERG purchased multiple OPEN MESH devices, including but not limited to 6 (six) OM5 P-AC-NA access points priced at $120.15 per unit; 1 (one) Cloud Managed Switch priced at $269.10; and 11 (eleven) OM5 P-AC-PS access points. The total purchase price was $2,366.65.

23.     On or about January 31st, 2017 DATTO announced their acquisition of OPEN MESH to the public.

24.     On or about March 15th, 2017 FEINBERG entered into an International Distributor Agreement with OPEN MESH, allowing him to receive units of OPEN MESH devices, but no written agreement was executed.

///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

25.     In or about the middle of 2021 one of FEINBERG's OPEN MESH devices failed and disconnected from the Wi-Fi. FEINBERG had a spare OPEN MESH device that he wanted to use, but it was set up on another network. To remove the device from the old network and make it usable, he had to contact OPEN MESH and DATTO.

26.     FEINBERG contacted OPEN MESH's customer support multiple times through phone calls and emails, but was never able to reach OPEN MESH and never received a response to his numerous attempts to contact OPEN MESH.

27.     FEINBERG then contacted DATTO's customer support to no avail. DATTO claimed that because the devices were not from their company they couldn't provide FEINBERG with much assistance. The DATTO customer support agent mentioned to FEINBERG that if he purchased a monthly subscription from DATTO for CLOUDTRAX, that it could bring his devices back online.

28.     On or about October 2nd, 2021 DINNERMAN purchased four (4) OPEN MESH access points. DINNERMAN encountered the same problem with the devices as FEINBERG. DINNERMAN's OPEN MESH devices could not be disconnected from the previous user's network unless he paid a monthly fee to DATTO.

29.     At all times mentioned hereto, DATTO has not allowed for their devices to be unlocked and used with another network platform.

30.     Plaintiffs are informed and believe that DATTO issued an "End of Life" and "End of Support" statement to all its users informing them that their lifetime cloud license and customer support would be cut off by December 31st, 2021, absent their agreement to pay a monthly maintenance fee.

///

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

31.      DATTO contacted OPEN MESH distributor's clients to persuade them to switch to DATTO.

32.      Plaintiff FEINBERG is informed and believes and thereon alleges that in or about early 2017 DATTO cut off OPEN MESH's customer support.

33.      Plaintiff FEINBERG is informed and believes and thereon alleges that in or about early 2017 DATTO began ending support and automatic updates for OPEN MESH devices.

34.      As a direct and proximate result of DATTO's business model change, Plaintiffs and Class Members, like so many others, lost out on significant investments and prospective profits to their damage.

## CLASS ACTION ALLEGATIONS

35.      Plaintiffs bring claims pursuant to Federal Rules of Civil Procedure Rule 23 (a) and (b)(3) on behalf of the following Class, as defined below: All PLAINTIFFS and each of them, consumers who bought OPEN MESH devices that require a connection to CLOUDTRAX to function during 2007 through and including the present.

36.      Additionally, Plaintiffs brings claims pursuant to Federal Rules of Civil Procedure Rule 23 (a) and (c)(5) on behalf of the following Subclass, as defined below: All DISTRIBUTORS and each of their customers who bought OPEN MESH devices that require a connection to CLOUDTRAX to function during 2007 through and including the present.

///

///

///

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

37.         This action has been brought and may properly be maintained as a class action against ALL DEFENDANTS and each of them, pursuant to the provisions of Federal Rules of Civil Procedure Rule 23 (b) and (c)(4).

38.         **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiffs at this time, but, based on information and belief, Class members are so numerous that their individual joinder herein is impracticable.   Based on information and belief and publicly available reports, Class members number in the hundreds of thousands. Subclass members are likely in the hundreds. All Class and Subclass members may be notified of the pendency of this action by reference to DEFENDANTS and each of their records or by other alternative means.

39.         **Commonality:** Numerous questions of law or fact are common to Plaintiffs' claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

a.         Whether DEFENDANTS and each of them made a practice of knowingly selling the OPEN MESH CLOUDTRAX supported devices under the pretense of providing lifetime cloud license and support, nevertheless knowing that they were going to end the lifetime cloud license and support, unless and until consumers agreed to pay a monthly maintenance fee;

b.         Whether DEFENDANTS and each of them made a practice of selling the OPEN MESH CLOUDTRAX supported devices purposefully with the intent to gain more customers that would have to eventually pay the monthly maintenence fees;

c.         Whether in doing so, DEFENDANTS and each of them regularly, routinely and with impunity violated the Magnuson-Moss Warranty Act.

d.          Whether in doing so, DEFENDANTS and each of them made a practice of violating consumer protection laws in failing to disclose their changes in the cloud license and support policy;

e.          Whether in doing so, DEFENDANTS and each of them were in multiple breaches of their contracts and the implied covenant of good faith and fair dealing in connection with their failure to continue to provide lifetime cloud license and support;

f.          Whether DEFENDANTS and each of them regularly and as a practice were negligent or grossly negligent by failing to continue to provide lifetime cloud license for customers who had already purchased the OPEN MESH devices;

g.          Whether DEFENDANTS and each of them regularly and as a practice breached their fiduciary duties to customers by failing to provide adequate access to customer support;

h.          Whether Plaintiffs and the other Class members suffered damages by DEFENDANTS' practices, and if so, the appropriate class-wide measure of damages, restitution, and other appropriate relief, including injunctive relief;

i.          Whether Plaintiffs and the other Class members are entitled to injunctive equitable and declaratory relief.

40.      **Typicality:** The claims of the named Plaintiffs are typical of the proposed Class's claims in that the named Plaintiffs were customers and/or distributors during the class period and are unable to connect devices to Wi-Fi and/or networks, and unable to maintain their lifetime warranty as a result of DEFENDANTS, and each, of their wrongful conduct.

///

///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

41.    **Adequate Representation:** Plaintiffs will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiffs have retained competent counsel experienced in prosecuting complex class actions, including those involving financial services, and they will vigorously litigate this class action.

42.    **Predominance and Superiority**: There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, given the relatively modest damages sustained by most individual members, few, if any, proposed Class members could or would sustain the economic burden of pursuing individual remedies for DEFENDANTS and each of their wrongful conduct. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material difficulties in management.

43.    Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants.

44.    Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

///

///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

45.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DEFENDANTS, and each of them have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole.

46.     Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiffs are insufficient to make litigation addressing DEFENDANTS, and each of their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

47.     Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

## CAUSE OF ACTION I
## BREACH OF THE MAGNUSON-MOSS WARRANTY ACT
## AGAINST DEFENDANTS

48.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

49.     Plaintiffs and members of the Class are consumers.

///

50.     Plaintiffs and members of the Class purchased various devices from OPEN MESH.

51.     DEFENDANTS are the warrantors who made a written warranty.

52.     DEFENDANTS' products failed to perform as warranted.

53.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

**CAUSE OF ACTION II**
**FALSE ADVERTISING – CALIFORNIA BUSINESS AND PROFESSIONS CODE**
**§17200 et seq.**
**AGAINST DEFENDANTS**

54.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

55.     California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the internet, any statement, concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading…"

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

56.     As alleged above, DEFENDANTS disseminated or caused to be disseminated deceptive advertising of OPEN MESH devices to the general public. Such advertising, including but not limited to, product packaging, advertising and marketing represented OPEN MESH devices to come with a lifetime cloud access and support. These advertisements were false and misleading because DEFENDANTS are now switching over to a monthly fee policy, forcing existing OPEN MESH users to pay the monthly fee, or switch their devices and networks to another company.

57.     Upon Plaintiffs information and belief DEFENDANTS continue to disseminate or cause to be disseminated such deceptive promises as alleged herein.

58.     The false and deceptive statements regarding the lifetime cloud access and support is likely to deceive the consuming public.

59.     While disseminating or causing to be disseminated the false and deceptive statements regarding the lifetime cloud access and support, as alleged above, the DEFENDANTS knew or should have known that the statements were false or misleading.

60.     As a direct and proximate result of DEFENDANT'S false and misleading advertising, Plaintiff and the members of the class have been injured in fact, in that they purchased OPEN MESH devices with cloud access and support until December 31st, 2021 and not lifetime cloud access and support as advertised. Plaintiff and members of the class would not have purchased said devices if they had known the "lifetime" policy would change.

61.     DEFENDANTS' false and misleading advertising as alleged above presents a continuing harm to Plaintiff, the Class, and members of the public because DEFENDANTS persist and continue to disseminate false and misleading advertising.

///

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

62.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

### CAUSE OF ACTION III
### VIOLATIONS OF UNFAIR BUSINESS PRACTICE ACT- CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 et seq.
### AGAINST DEFENDANTS

63.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

64.     California Business & Professions Code § 17200 at seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading adverting."

65.     By engaging in the false, deceptive, and misleading conduct alleged above, DEFENDANTS have engaged in unlawful business acts and practices in violation of the UCL by violating state and federal laws including but limited to Business & Professions Code § 17500 et seq., which makes false and deceptive advertising unlawful.

66.     In addition to being unlawful, DEFENDANTS' acts, conduct and practices as alleged above are unfair. DEFENDANTS, through deceptive and misleading advertising and representations, induced Plaintiff and class members to purchase OPEN MESH devices believing them to have lifetime cloud access and support.

67.     As a direct and proximate result of DEFENDANTS' unlawful, unfair and fraudulent business practices, Plaintiff and members of the class have been injured in fact. They purchased OPEN MESH devices in reliance on DEFENDANTS' false and misleading

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

advertising and representations to the general public regarding the lifetime cloud access and support. Plaintiffs and the members of the class would have purchased the devices had they known they were going to change their lifetime policy.

68.     DEFENDANTS' false and misleading advertising as alleged above presents a continuing harm to Plaintiffs, the Class, and members of the public because DEFENDANTS persist and continue to disseminate false and misleading advertising.

69.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

### CAUSE OF ACTION IV
### VIOLATION OF CONSUMERS LEGAL REMEDIES ACT- ESSENTIAL FACTUAL ELEMENTS (CIV CODE §1770) AGAINST DEFENDANTS

70.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

71.     Plaintiffs and Class members bought various OPEN MESH devices.

72.     That DEFENDANTS and each of them advertised their devices with the intent to switch their lifetime cloud license to a monthly fee; making false or misleading statements of fact concerning the lifetime cloud license policy.

73.     Plaintiffs and Class members were harmed.

74.     Plaintiffs' and Class members' harm directly and proximately resulted from the DEFENDANT and each of their conduct.

75.     DEFENDANTS and each of their conduct damaged Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

76.     DEFENDANTS and each of them acted with fraud, malice, or oppression. Based on the foregoing, Plaintiffs and class members are entitled to recover punitive damages from DEFENDANTS and each of them, in an amount according to proof.

**CAUSE OF ACTION V**
**BREACH OF CONTRACT**
**AGAINST DEFENDANTS**

77.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

78.     Plaintiffs and Class members entered into a contract with DEFENDANTS when they purchased the devices.

79.     When Plaintiffs and class members purchased the OPEN MESH devices, it included lifetime cloud access and support.

80.     DEFENDANT DATTO failed to maintain the lifetime policy to OPEN MESH users, even though they were required to do so under the contract.

81.     Plaintiffs and Class members were proximately harmed because they now have no/minimal use of the devices or have to pay a monthly maintenance fee.

82.     DEFENDANT's breach of contract was a substantial factor in causing Plaintiffs and Class members' harm.

83.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1   harm, loss, and damages and continue to expose them to harm.  These losses reflect damages

2   to Plaintiffs and Class members in an amount to be determined at trial or separate

3   proceedings as necessary.

4

5   <b>CAUSE OF ACTION VI</b><br><b>BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</b>

6   <b>AGAINST DEFENDANTS</b>

7   84.      Plaintiffs hereby incorporate by reference the allegations in the above

8   paragraphs of this Complaint as though fully set forth herein.

9

10   85.      Plaintiffs and Class members entered into a contract.

11

12   86.      Plaintiffs and Class members did all, or substantially all off the significant

13   things that the contract required them to do. In purchasing, Plaintiffs and Class members

14   were guaranteed a onetime purchase with no extra added costs to keep the devices

15   functioning.

16

17   87.      All conditions required for DEFENDANTS' performance had occurred.

18

19   88.      DEFENDANTS ended their lifetime policy and breached the lifetime warranty

20   contract it had with its consumers who purchased the OPEN MESH devices.

21

22   89.      By doing so, DEFENDANTS did not act fairly and in good faith.

23

24   90.      As a direct and proximate result of DEFENDANTS' conduct, Plaintiffs and

25   members of the Class were harmed.

26

27   91.      DEFENDANTS and each of their conduct caused Plaintiffs and Class members

28   harm, loss, and damages and continue to expose them to harm.  These losses reflect damages

1    to Plaintiffs and Class members in an amount to be determined at trial or separate

2    proceedings as necessary.

3                          **CAUSE OF ACTION VII**
     **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
4                        **AGAINST DEFENDANTS**

5        92.      Plaintiffs hereby incorporate by reference the allegations in the above

6    paragraphs of this Complaint as though fully set forth herein.

7

8        93.      Plaintiffs and members of the Class bought OPEN MESH devices from

9    distributors of DEFENDANTS.

10

11       94.      At the time of purchase DEFENDANTS were in the business of selling the

12   devices to distributors for the general public's use.

13

14       95.      The devices did not measure up to the promises or facts stated on the box.

15

16       96.      Plaintiffs and class members were harmed.

17

18       97.      DEFENDANTS' breach of the implied warranty was a substantial factor in

19   causing Plaintiffs and the members of the Class' harm.

20

21       98.      DEFENDANTS and each of their conduct caused Plaintiffs and Class members

22   harm, loss, and damages and continue to expose them to harm.  These losses reflect damages

23   to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings

24   as necessary.

25

26       99.      In doing the acts herein alleged, DEFENDANTS, and each of them, acted with

27   oppression, fraud, malice, and conscious disregard of Plaintiffs' and members of the Class

28

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1   rights, and Plaintiffs and members of the Class are therefore entitled to punitive damages in

2   an amount to be determined at trial according to proof.

### CAUSE OF ACTION VIII
### INTENTIONAL MISREPRESENTATION
### AGAINST DEFENDANTS

100.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

101.     DEFENDANTS represented in writing and advertisement to Plaintiffs and Class members that with their onetime purchase of the device(s), their cloud license and customer support would work for the lifetime of the product. A true and correct copy of OPEN MESH's website is attached and labeled as **Exhibit "B"**.

102.     DEFENDANTS' representations were false. In or about late 2016 DATTO acquired OPEN MESH and changed the lifetime warranty policy to consumers paying a monthly fee to maintain CLOUDTRAX.

103.     DEFENDANTS knew that the lifetime cloud access and support representations they made were false when they advertised OPEN MESH devices.

104.     DEFENDANTS intended for Plaintiffs and Class members to rely on their lifetime cloud access and support representations in order to induce Plaintiffs and Class members to purchase the devices.

105.     Plaintiffs and Class members reasonably and justifiably relied to their detriment on said representations.

106.     As a direct and proximate result, Plaintiffs and Class members lost monies,

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

business, devices, etc.

107.     Plaintiffs and Class members detrimental and justifiable reliance on DEFENDANTS' false representations was a substantial factor in causing them harm.

108.     DEFENDANTS and each of their conduct caused Plaintiffs and members of the Class and Subclass harm, loss, and damages. These losses reflect damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

109.     In doing the acts herein alleged, DEFENDANTS, and each of them, acted with oppression, fraud, malice, and conscious disregard of Plaintiffs' and members of the Class rights, and Plaintiffs and members of the Class are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

## CAUSE OF ACTION IX
## NEGLIGENCE
## AGAINST DEFENDANTS

110.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

111.     DEFENDANTS and each of them have a duty to exercise reasonable care due and cautious care in their packaging, labeling, advertising, and marketing towards their consumers.

112.     DEFENDANTS and each of them unlawfully breached its duties by, among other things, marketing the devices with false promises that were negligently made.

113.     As outlined in this Complaint, DEFENDANTS and each of their conduct were

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

negligent in that they lacked due and cautious care, and their individual and collective conduct is and continues to be a departure from the ordinary standard of conduct. Their actions breach any duty of due cautious care to their customers.

114.    DEFENDANTS and each of them negligently marketed the devices with including but not limited to "lifetime cloud license" and "automatic updates", even though it was not true.

115.    DEFENDANTS and each of them intentionally, negligently, and wrongfully breached their duties owed to Plaintiffs, and members of the Class and Subclass, thereby proximately caused losses and damages that would not have occurred but for DEFENDANTS and each of their gross breaches of their duty of due and cautious care. These losses reflect special compensatory and general damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

**REQUEST FOR RELIEF:**

1. Enter an immediate injunction requiring DEFENDANTS to reinstate their Lifetime warranty and bar their public advertising of the subject devices until said warranties are reinstated;

2. Certify a Class of Plaintiffs similarly situated to the named representative;

3. Compensatory damages in excess of $75,000;

4. Enter an award for attorneys fees and costs;

5. Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants; and,

6. Any other relief this Court deems just and fit.

Respectfully Submitted,

Dated: October **22**, 2021        LAW OFFICES OF GARY R. CARLIN, APC


By: _____
    Gary R. Carlin,
    Steven T. Romeyn
    Attorneys for Plaintiffs and Class members


## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demand a jury trial.


Respectfully Submitted,

Dated: October **22** , 2021        LAW OFFICES OF GARY R. CARLIN, APC


By: _____
    Gary R. Carlin
    Steven T. Romeyn
    Attorneys for Plaintiffs and Class members

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

# EXHIBIT A

# Smarter, Simpler WiFi

**Open Mesh helps professionals deploy intelligent WiFi networks that build and heal themselves. It's easy to scale from small networks with one access point to large sites and thousands of locations—all from a single cloud-based dashboard.**

**System requirements:**
1. A broadband Internet connection
2. The CloudTrax app on a device with iOS 7 and up, Android 4.0 and up, or a modern web browser pointed to **cloudtrax.com**

**Cloud management:**
Includes lifetime cloud license. Single point of configuration for one access point or thousands.

**Installation:**
Includes mounting kit to install indoors (desktop, ceiling, wall or Ethernet jack) and outdoors (wall or pole). Power supply and PoE injector sold separately.

**Security and network services:**
Built-in cloud management, automatic firmware upgrades, WPA/WPA2 Personal and Enterprise, captive portal/splash pages, roaming, mesh, Facebook Wi-Fi, user management capabilities, and much more.

**Warranty:**
1 year limited warranty. See **openmesh.com/warranty**.

**Wireless connectivity:**
Tri-Band 802.11ac Wave 2. Single 2.4GHz 2x2, Dual 5GHz 2x2

**Power and environment:**
PoE Ethernet 1 :
802.3af/at or Passive 48-54V⎓ 0.6A
PoE Ethernet 2 :
Passive 18-24V⎓ 1.34-1A (mode A, B, A+B)
Operating temperature: 0 - 50°C

# EXHIBIT B

10/22/21, 4:51 PM
Datto Networking

Open Mesh is now Datto Networking. For technical support, visit the Help Center.

# Open Mesh Is Now Datto Networking

〜〜〜

We've combined everything you know and love about Open Mesh with additional services and pricing designed specifically for Managed Service Providers.

## What you need to know:

01

The Open Mesh product line has been merged into the Datto Networking product line and is now available exclusively from Datto.

02

Open Mesh Products purchased previously will continue to work as always, with included cloud management and email-based support.

03

Eligible partners are encouraged to transition to Datto where they will benefit from a partner-centric pricing model that includes a lifetime warranty and 24/7/365 Direct-to-Tech support.

# Questions? Continue reading or reach out directly

**CONTACT US**

# Ready to get started with Datto Networking?

**BECOME A PARTNER**

# What is Datto Networking?

Datto Networking is everything you love about Open Mesh:



Networks that just work



Simple, powerful cloud-management



Low total cost of ownership

+

## ...Plus added benefits to help your business grow:



24/7/365 Direct-to-Tech support



Lifetime warranty with advanced replacement



Pricing designed for service providers



More products such as LTE-enabled routers and managed power

# Frequently Asked Questions

# What is the news?

We're starting the next chapter in the Open Mesh story: Open Mesh is now Datto Networking. The Open Mesh product line is being merged into the Datto Networking product line and will be available exclusively from Datto beginning January 1, 2019. Eligible partners are encouraged to become a Datto partner and experience the benefits of a partner-centric networking line that includes 24/7/365 direct to tech support, lifetime product warranty, MSP-friendly pricing and more.

# Why is Datto making this change?

10/22/21, 4:51 PM                                          Datto Networking

Open Mesh was acquired by Datto, a technology solutions provider exclusively focused on the IT channel, in late 2016. Datto is driven to empower the world's small and medium sized businesses with the best in enterprise-level technology, delivered through managed services providers. With that, Datto has combined the best of Open Mesh with pricing and additional services designed specifically for MSPs. The network landscape is evolving and Datto's partner model allows for more focus on product development and faster innovation. Along with this comes a lifetime warranty and 24/7 support and exclusive access to a growing suite of products designed to help partners grow their businesses.

## What will happen to my Open Mesh products?

We commit that existing Open Mesh networks will continue to operate like they always have and will be supported through the life of the product. Some products may be eligible to upgrade to Datto Networking, which includes 24/7 support, a lifetime warranty and much more. Contact us to inquire about upgrading.

Moving forward, those that become Datto partners will have the ability to receive all product/feature enhancements, as well as access to new products, software management tools, and new product categories that have yet to be announced.

The end of life policy and product matrix is available here.

## Can I still buy under the one-time sales model?

The one-time sales model will be available through the end of 2018 on openmesh.com and through select distributors and resellers. Availability after January 1, 2019 will be limited to any remaining inventory on hand through distribution and online resellers.

10/22/21, 4:51 PM                                    Datto Networking

# What is the Datto Networking pricing model?

Datto Networking pricing aligns with how a managed services provider sells its service, on a month by month basis. There are low up-front costs, no contracts to sign, no long-term commitments, and products are billed only if the devices are active. **Contact us** to learn more and a representative will review your specific needs.

# Will Open Mesh start charging a monthly fee on devices I've already purchased?

No, customers will not be charged a monthly fee on devices already purchased. Any device previously purchased from Open Mesh includes a free cloud license for the life of the product. Many products may be eligible to upgrade to Datto Networking, which includes 24/7 support, a lifetime warranty and much more. **Contact us** to inquire about upgrading.

Some customers who use custom features such as APIs or custom branding may see a charge as noted in our technical documentation. We will be reaching out to these customers directly.

# I'm an MSP: how can I buy?

Become a Datto partner! Datto offers the most MSP-centric networking line in the world. Datto partners will have access to our complete line of access points, switches, firewalls and routers, managed power and a suite of complementary products designed to help your business grow. Not a Datto partner yet? **Apply here.**

# I'm an end user: how can I buy?

Open Mesh products will be available to end-users through openmesh.com through the end of 2018 and from distributors and online resellers as long as inventory remains. As of January 1, 2019, Datto Networking products will be available exclusively through an authorized Datto partner. For assistance finding a local Datto Networking partner, click here.

# I'm an ecosystem partner or software vendor: how can I buy?

Ecosystem, software and OEM partners (such as location-based marketing, point-of-sale, IoT and managed security services providers) will continue to have access to custom services and products. For more information, contact us.

# I still have questions. Can I speak with someone?

Of course! We're here to help. Contact us about the transition here and we'll be in touch shortly.

## Still have questions?

**CONTACT US**

## Ready to get started with Datto Networking?

**BECOME A PARTNER**



Datto.com

CloudTrax Login

Help Center

Privacy Policy

Cookies Settings

© 2019 Open Mesh, Inc. All Rights Reserved.